UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON,<br><br>          Plaintiff,<br><br>   v.<br><br>STARBUCKS CORPORATION, a Washington Corporation; and DOES 1-10,<br><br>          Defendants. | No. 2:18-cv-1886 WBS EFB<br><br>MEMORANDUM & ORDER RE: MOTION TO STAY PENDING RESOLUTION OF APPEAL |

----oo0oo----

Plaintiff Scott Johnson, a quadriplegic who uses a wheelchair for mobility, initiated this action against defendant Starbucks Corporation ("Starbucks"), seeking damages under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Unruh Civil Rights Act, California Civil Code §§ 51-53; penalties under the Unruh Act; and attorneys' fees and costs. (Compl. (Docket No. 1).) Plaintiff alleges that during his visits to the Starbucks located at 4332 Watt Avenue, Sacramento,

1

California, he encountered two different access barriers that denied him full and equal access to the coffee shop. (Id. ¶¶ 21-22.) First, plaintiff alleges that the sales counter at this location does not comply with the relevant accessibility guidelines. (Id. ¶¶ 38-39.) He contends that there must be, but is not, a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches wide in accessible space. (Id. ¶ 38.) Second, plaintiff argues that the accessibility guidelines require that there be a path of travel that is at least 36 inches clear in width. (Id. ¶ 40.) Plaintiff alleges that this Starbucks location does not provide such an accessible path to its sales counter. (Id. ¶ 41.) In light of similar cases on appeal, plaintiff moves for a discretionary stay of all proceedings in this case. (Docket No. 22.)

This court may stay proceedings incidental to its power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). This court's decision to grant or deny such a stay is a matter of discretion. See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). "In deciding whether to grant a stay the court must weigh the competing interests of the parties, considering in particular: (1) the possible damage that may result from the grant of a stay, (2) the hardship or inequity a party may suffer in being required to go forward with the case, and (3) the orderly course of justice." Wallis v. Centennial Ins. Co., No. 2:08-cv-02558 WBS, 2012 WL 292982, at *2 (E.D. Cal. Jan. 31, 2012) (citing CMAX, Inc. v. Hall, 300 F.2d

265, 268 (9th Cir. 1962)).

Plaintiff contends that this court should issue a stay because two cases presenting similar issues are on appeal. In these two other cases, the plaintiffs also argued that Starbucks' counters did not comply with relevant accessibility guidelines because they did not provide 36 inches of clear counter space. Both district courts held, relying on a Department of Justice ("DOJ") amicus brief, that Starbucks does not have to provide any amount of clear counter space so long as the counter is a uniform height of less than 36 inches. See Johnson v. Starbucks Corp., No. 17-cv-02454 WHA, 2019 WL 1427435, at *2 (N.D. Cal. Mar. 29, 2019); Kong v. Mana Investment Co., LLC, No. SA 18-cv-1615 DOC(DFM), at 7-8 (C.D. Cal. May 1, 2019) (Docket No. 55).[1] Plaintiff argues that this case presents the exact same purely legal issue: whether Starbucks must provide 36 inches of clear counter space. Plaintiff insists that this claim does not involve disputed issues of fact since it is entirely based on the interpretation of the relevant accessibility guidelines. He further maintains that this court should stay proceedings until the Ninth Circuit resolves this issue on appeal.

Plaintiff overstates the likelihood that the outcomes of these other cases on appeal will control the resolution of this matter. It is possible that developments could occur during discovery that would factually distinguish the sales counter at issue here from those at the other Starbucks locations. Further,

---

[1] This court reached a similar conclusion in another case, not relying on the DOJ's amicus brief. See Johnson v. Starbucks Corp., No. 2:16-cv-2797 WBS AC, 2019 WL 699136, at *4-*5 (E.D. Cal. Feb. 20, 2019).

3

none of these other cases address plaintiff's separate claim that this Starbucks location did not provide an accessible path of travel to its sales counter.

Waiting for a decision by the Ninth Circuit would prejudice defendant by delaying the resolution of this case, including a claim not even affected by the pending appeals. Indeed, the parties have not submitted any briefs on appeal, and thus "[t]he granting of a stay at this juncture would foreclose any possibility of the parties resolving their dispute in a timely fashion or of the Court disposing of issues unrelated to those on appeal." See Dister v. Apple-Bay E., Inc., No. 07-cv-01377 SBA, 2007 WL 4045429, at *5 (N.D. Cal. Nov. 15, 2007). Weighing against plaintiff's request, there is no indication that either appeal would be concluded within a reasonable time. See Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."); see also Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000) (noting that a stay pending the resolution of an appeal "could remain in effect for a lengthy period of time, perhaps for years" if litigation dragged on).

Likewise, the court finds that plaintiff would suffer little hardship from being required to proceed with this case. As explained previously, the parties would have to conduct discovery over plaintiff's path of travel claim regardless. Moreover, plaintiff brought this lawsuit and therefore should be prepared to litigate it to its conclusion. The costs associated with prosecuting this action, without more, "do[] not constitute

4

a 'clear case of hardship or inequity' within the meaning of Landis." See Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005). Separately, if plaintiff truly believes that there is no factual dispute regarding the counter issue, the associated discovery costs are likely to be minimal.

Finally, the court finds that the orderly course of justice does not otherwise justify a stay. The above-mentioned appeals may resolve one issue present in this case. "A motion to stay, however, does not hinge only on considerations of judicial economy." ASUSTek Comput. Inc. v. Ricoh Co., No. 07-cv-01942 MHP, 2007 WL 4190689, at *2 (N.D. Cal. Nov. 21, 2007) (citing Landis, 299 U.S. at 255); see also Dependable Highway, 498 F.3d at 1066 ("[C]ase management standing alone is not necessarily a sufficient ground to stay proceedings."). As explained before, there is a good possibility that a stay would work damage to Starbucks by delaying resolution of these proceedings.[2] Such costs outweigh any savings in judicial economy. See Landis, 299 U.S. at 256 (reversing the lower court decision largely because the stay would result in undue delay).

IT IS THEREFORE ORDERED that plaintiff's Motion to Stay Case Pending Resolution of Appeal (Docket No. 22) be, and the same hereby is, DENIED.

Dated: July 16, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] In the alternative and for the first time in his reply, plaintiff states that this court could stay proceedings only as to his countertop claim. Staying only some claims, however, would "unnecessarily prolong the process and waste judicial resources supervising two phases of discovery." See Rosas v. GEICO Cas. Co., 365 F. Supp. 3d 1123, 1128 (D. Nev. 2019).

5