1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                                ----oo0oo----

11

12   SCOTT JOHNSON,                      No. 2:18-cv-01886 WBS EFB

13               Plaintiff,

14        v.                             MEMORANDUM AND ORDER RE:
                                         CROSS-MOTIONS FOR SUMMARY
15   STARBUCKS CORPORATION, a            JUDGMENT
     Washington Corporation; and DOES
16   1-10,

17               Defendants.

18

19                                ----oo0oo----

20          Plaintiff Scott Johnson, a disabled individual,

21   initiated this action against defendant Starbucks Corporation

22   ("Starbucks"), seeking damages under the Americans with

23   Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Unruh Civil

24   Rights Act, Cal. Civ. Code §§ 51-53.  (Compl. (Docket No. 1).)

25   Before the court are the parties' cross-motions for summary

26   judgment.  (Docket Nos. 35, 37.)

27   I.   Background

28          Plaintiff is a quadriplegic who uses a wheelchair for

                                    1

1   mobility.  (Decl. of Scott Johnson ("Johnson Decl.") ¶ 2 (Docket

2   No. 37-3).)   On at least six different occasions between July

3   2017 and January 2018, plaintiff visited and made purchases at

4   the Starbucks-operated coffee shop located at 4332 Watt Avenue in

5   Sacramento, California ("Watt Avenue Starbucks").  (Id. ¶ 3.)

6   Plaintiff alleges that during his visits, he encountered access

7   barriers that denied him full and equal access to the coffee

8   shop.  Specifically, plaintiff contends that he had difficulty

9   using the sales counter because it "was crowded with merchandise

10  and displays, which limited the usable space on the counter."

11  (Id. ¶ 5.)  He claims the condition of the sales counter caused

12  him discomfort and frustration.  (Id. ¶ 7.)

13          Plaintiff's investigator, Tim Wegman, conducted a site

14  inspection of the Watt Avenue Starbucks on two separate

15  occasions.  (Decl. of Tim Wegman ("Wegman Decl.") ¶ 3 (Docket No.

16  37-6).)  During his first visit on June 27, 2018, Wegman found

17  the sales counter was approximately 34 inches high.  (Id. ¶¶ 3-

18  4.)  Wegman measured approximately 14 inches of clear space near

19  the register on the left, and 13 inches of clear space near the

20  register on the right.  (Id. ¶ 6.)  Wegman conducted a follow-up

21  investigation on October 11, 2019, and found approximately 16

22  inches of clear space near the register on the left and 15 inches

23  of clear space on the right.  (Id. ¶¶ 7-9.)  The height of the

24  sales counter remained unchanged.

25          Plaintiff filed this action on July 5, 2018, alleging

26  the diminished counterspace violated the ADA, and, by extension,

27  the Unruh Act.  (See generally Compl.)  Parties now cross-move

28  for summary judgment on both claims.  (Docket Nos. 35, 37.)

1    II.   Standard

2          Summary judgment is proper "if the movant shows that

3    there is no genuine dispute as to any material fact and the

4    movant is entitled to judgment as a matter of law."  Fed. R. Civ.

5    P. 56(a).  A material fact is one that could affect the outcome

6    of the suit, and a genuine issue is one that could permit a

7    reasonable jury to enter a verdict in the non-moving party's

8    favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

9    (1986).

10         The party moving for summary judgment bears the initial

11   burden of establishing the absence of a genuine issue of material

12   fact and can satisfy this burden by presenting evidence that

13   negates an essential element of the non-moving party's case.

14   Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

15   Alternatively, the movant can demonstrate that the non-moving

16   party cannot provide evidence to support an essential element

17   upon which it will bear the burden of proof at trial.  Id.  Any

18   inferences drawn from the underlying facts must, however, be

19   viewed in the light most favorable to the party opposing the

20   motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

21   U.S. 574, 587 (1986).

22   III. Discussion

23       A.   ADA Claim

24         The ADA was enacted in 1990 to "remedy widespread

25   discrimination against disabled individuals," PGA Tour, Inc. v.

26   Martin, 532 U.S. 661, 674 (2001), and permits private lawsuits

27   against businesses that fail to accommodate individuals with

28   disabilities, 42 U.S.C. § 12188(a).  To prevail on an ADA claim,

3

1   "the plaintiff must show that (1) she is disabled within the

2   meaning of the ADA; (2) the defendant is a private entity that

3   owns, leases, or operates a place of public accommodation; and

4   (3) the plaintiff was denied public accommodations by the

5   defendant because of her disability."  Molski v. M.J. Cable,

6   Inc., 481 F.3d 724, 730 (9th Cir. 2007).  Only the third element

7   is in dispute here.

8        "The third element--whether [a plaintiff is] denied

9   public accommodations on the basis of disability--is met if there

10  was a violation of applicable accessibility standards."  Johnson

11  v. Wayside Prop., Inc., 41 F. Supp. 3d 973, 976 (E.D. Cal. 2014)

12  (Shubb, J.) (citation omitted); see Chapman v. Pier 1 Imps.

13  (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc).  Those

14  standards are set forth by the ADA Accessibility Guidelines

15  ("ADAAG").

16       The Department of Justice ("DOJ") promulgated the ADAAG

17  in 1991 and revised them in 2010.  See Kohler v. Flava Enters.,

18  Inc., 826 F. Supp. 2d 1221, 1229 (S.D. Cal. 2011).  All

19  architectural and structural elements in a facility are required

20  to comply with the 1991 Standards to the extent that compliance

21  is readily achievable; by contrast, the 2010 standards apply only

22  to elements that have been altered in existing facilities, or

23  that fail to comply with the 1991 Standards on or after March 15,

24  2012.  28 C.F.R. § 36.304(d)(1)-(2).  These standards "provide[]

25  the objective contours of the standard that architectural

26  features must not impede disabled individuals' full and equal

27  enjoyment of accommodations."  Chapman, 631 F.3d at 945; see 28

28  C.F.R. pt. 1191 (2010 Standards); 28 C.F.R. pt. 36, App. D (1991

4

1    Standards).

2            The two 2010 standards at issue in this case are

3    Sections 904.4 and 904.4.1.  Section 904.4 states:

4        Sales and Service Counters. Sales counters and service
         counters shall comply with 904.4.1 or 904.4.2.   The
5        accessible portion of the counter top shall extend the same
         depth as the sales or service counter top.
6
         EXCEPTION: In alterations, when the provision of a counter
7        complying with 904.4 would result in a reduction of the
         number of existing counters at work stations or a reduction
8        of the number of existing mail boxes, the counter shall be
         permitted to have a portion which is 24 inches (610 mm) long
9        minimum complying with 904.4.1 provided that the required
         clear floor or ground space is centered on the accessible
10       length of the counter.

11   36 C.F.R., Pt. 1191, App. D, § 904.4.  Section 904.4.1, which

12   applies in this case because an individual would approach the

13   Watt Avenue Starbucks sales counter with his or her wheelchair

14   parallel to it, provides in full:

15       Parallel Approach.  A portion of the counter surface that is
         36 inches (915 mm) long minimum and 36 inches (915 mm) high
16       maximum above the finish floor shall be provided.  A clear
         floor or ground space complying with 305 shall be positioned
17       for a parallel approach adjacent to the 36 inch (915 mm)
         minimum length of counter.
18
         EXCEPTION: Where the provided counter surface is less than
19       36 inches (915 mm) long, the entire counter surface shall be
         36 inches (915 mm) high maximum above the finish floor.
20

21   Id. § 904.4.1.  Plaintiff concedes that the height of the Watt

22   Avenue Starbucks sales counter complies with the ADAAG.  (Pl.'s

23   Mot. for Summ. J. at 8 (Docket No. 37).)  However, plaintiff

24   contends the Watt Avenue Starbucks has failed "to make [the

25   counter] available for use by a wheelchair user" by crowding it

26   with merchandise and displays, in violation of Section 904.4.1.

27   (Id. at 9.)  Additionally, plaintiff argues the width of the

28   counter violates Section 36.211 of the 1991 standards because it

                                  5

1   is not maintained in an accessible or usable manner.  See 28

2   C.F.R., Pt. 36, App. C, § 36.211(a) ("A public accommodation

3   shall maintain in operable working condition those features of

4   facilities and equipment that are required to be readily

5   accessible to and usable by persons with disabilities by the Act

6   or this part.").

7        These precise arguments have been presented to this

8   court before.  In Johnson v. Starbucks Corporation, No. 2:16-cv-

9   2797 WBS AC, 2019 WL 699136, at *1 (E.D. Cal. Feb. 20, 2019)

10  ("Johnson I"), the very same plaintiff presented the very same

11  arguments against another Starbucks location in Sacramento.

12  There, after careful analysis, this court found Section 904.4.1's

13  text does not require businesses to provide 36 inches of usable

14  counterspace.  Id. at *3-4.  In the court's view, this reading

15  "gives full and independent effect to the text of each provision

16  and avoids creating internal inconsistencies or surplusage."  Id.

17  (citation omitted).  Accordingly, the court denied plaintiff's

18  summary judgment motion for violation of the ADA under Section

19  904.4.1.  Id. at *6.

20       The court also previously entertained plaintiff's claim

21  under Section 36.211(a).  Rather than make a legal conclusion,

22  however, the court found that plaintiff had failed to provide

23  facts to establish beyond dispute that the sales counter was not

24  accessible for or usable by persons with disabilities.  Id. at

25  *5.  Unlike Johnson I, here, Starbucks asks the court to grant

26  summary judgment in its favor.  (See generally Def.'s Mot. for

27  Summ. J. (Docket No. 35).)  As explained above, Section 904.4.1

28  expressly contemplates counters that are less than 36 inches

6

1    long.  See 36 C.F.R., Pt. 1191, App. D, § 904.4.1.  Accordingly,

2    the court cannot read Section 36.211(a) to require Starbucks to

3    "maintain in operable working condition," a requirement that does

4    not exist.  See Lindsay v. Overland Partners Sepulveda, LLC, No.

5    CV 18-1917-GW(PLAx), 2019 WL 8168068, at *7 (C.D. Cal. May 20,

6    2019) (holding counter in coffee shop "crowded . . . with

7    merchandise and displays" did not violate Sections 904.4.1 and

8    36.211(a)).  This conclusion is only bolstered by a recent

9    memorandum disposition issued by the Ninth Circuit, which held

10   the same.[1]  See Johnson v. Starbucks Corp., -- Fed. App'x --,

11   2020 WL 3265063, at *1-2 (9th Cir. June 17, 2020) (finding

12   merchandise displays on counters did not violate Sections 904.4.1

13   and 36.211(a)).

14        Plaintiff asks this court to ignore the Ninth Circuit's

15   ruling in Johnson because it is non-precedential and it allegedly

16   conflicts with two Ninth Circuit panel decisions: Chapman v. Pier

17   1 Imports (U.S.) Inc., 779 F.3d 1001 (9th Cir. 2015) and Kalani

18   v. Starbucks Coffee Company, 698 Fed. App'x. 883 (9th Cir. June

19   28, 2017).  (Pl.'s Opp'n at 2 (Docket No. 43).)  The court

20   disagrees with this characterization.  Although for some reason

21   the Ninth Circuit chose not to publish its decision, it did

22   involve the same parties and the same facts as the case now

23   before this court, and it is not inconsistent with either Chapman

24   or Kalani.

25        In Chapman, the Ninth Circuit held that the plaintiff

26   _____

27        [1]  Starbucks brought the court's attention to this
     decision through a Request for Judicial Notice.  (Docket No. 39-
     2.)  Plaintiff does not oppose defendant's Request.  (See
28   generally Pl.'s Opp'n at 2 (Docket No. 43).)

1    had offered "insufficient evidence that the obstructions on the

2    counter violated his rights under Title III of the ADA.  In

3    contrast to the items blocking the aisles for wheelchair users,

4    the items on the otherwise properly accessible sales counter

5    depicted in [the plaintiff's] photographs were not a barrier to

6    the use of the counter by persons with disabilities." Id. at

7    1009.  This did not, as plaintiff contends, hold that displays on

8    store counters were violations of the ADA.  See Lindsay, 2019 WL

9    8168068, at *7.

10         Plaintiff's reliance on Kalani also does little to

11   support his argument.  In another memorandum disposition, the

12   Ninth Circuit affirmed the Northern District of California's

13   finding that Starbucks failed to maintain adequate counter space

14   in violation of the ADA because the items on the store's counter

15   were not "isolated or temporary interruptions."  698 Fed. App'x

16   at 886.  However, neither the Ninth Circuit nor the district

17   court addressed Section 904.4.1's exception, which expressly

18   contemplates a counter being less than 36 inches long.  See

19   generally 698 Fed. App'x at 886; Kalani v. Starbucks Corp., 81 F.

20   Supp. 3d 876, 887 (N.D. Cal. 2015).  Other courts -- including

21   this court -- have found reliance on Kalani unavailing for that

22   reason.  See, e.g., Kong v. Mana Inv. Co., LLC, No. SA CV 18-

23   01615-DOC (DFM), 2019 WL 3220027, at *4 (C.D. Cal. May 1, 2019);

24   Johnson v. Starbucks Corp., No. C 17-02454 WHA, 2019 WL 1427435,

25   at *3 (N.D. Cal. Mar. 29, 2019); Johnson I, 2019 WL 699136, at *3

26   n.3.

27         There is no textual support for plaintiff's position

28   that counters must be 36 inches wide.  See 36 C.F.R., Pt. 1191,

1    App. D, § 904.4.1.  Consequently, there can be no requirement

2    that a 36-inch wide counter space must be "maintained" under

3    Section 36.211(a).  Accordingly, the court will grant Starbucks'

4    motion for summary judgment.

5         B.   Unruh Act

6         The Unruh Act provides in relevant part that every

7    person is "entitled to the full and equal accommodations,

8    advantages, privileges, or services in all business

9    establishments of every kind whatsoever" notwithstanding his or

10   her disability.  Cal. Civ. Code § 51(b).  "A violation of the

11   right of any individual under the federal Americans with

12   Disabilities Act of 1990 shall also constitute a violation of

13   [the Unruh Act]."  Cal. Civ. Code § 51(f) (internal citations

14   omitted).

15        Plaintiff does not allege a violation of the Unruh Act

16   independent of his claims under the ADA.  (Compl. ¶¶ 45-47.)  For

17   the reasons given above, plaintiff cannot rely on his alleged ADA

18   violations to support summary judgment on his Unruh Act claim.

19   While plaintiff could perhaps have relied independently upon the

20   Unruh Act by pleading and proving intentional discrimination, see

21   Greater Los Angeles Agency on Deafness, Inc. v. Cable News

22   Network, Inc., 742 F.3d 414, 425 (9th Cir. 2014) (citing Munson

23   v. Del Taco, Inc., 46 Cal. 4th 661, 668 (2009)), he has failed to

24   do so.  Accordingly, the court will grant defendant's motion for

25   summary judgment with respect to the Unruh Act.

26        IT IS THEREFORE ORDERED that defendant's motion for

27   summary judgment (Docket No. 35) be, and the same hereby is,

28   GRANTED.  IT IS FURTHER ORDERED that plaintiff's motion for

9

1    summary judgment (Docket No. 37) be, and the same hereby is,

2    DENIED.

3    Dated:   July 17, 2020

4                                    WILLIAM B. SHUBB
                                     UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     10